David E. Schorr, Esq.
295 Madison Avenue, 12th Floor
New York, New York 10017

April 11, 2022

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re: **Schorr v. American Arbitration Association, Inc. et al.**
    **Civil Action No. 1:21-cv-05569 (PAE)**
    <u>**Amended Letter-Motion to seal Schorr matrimonial Decision After Trial**</u>

Dear Judge Engelmayer:

On April 7, 2022, in response to my letter-motion (Doc. 41), the Court ordered that the financial Decision After Trial in my matrimonial action (the "**Financial Decision**") be temporarily sealed and that I submit proposed redactions by April 11, 2022. Doc. 42.

Although I have submitted the proposed redactions (Doc. 46), I write to respectfully request that the Court consider sealing the Financial Decision altogether for the following reasons.

As an initial matter, Doggart's submission of the Financial Decision was not made pursuant to any order of the Court. The only Court order that governs Doggart's submission of pleadings in connection with the Second Amended Complaint ("**SAC**") is the Court's March 18 Order (Doc. 35) stating that "Doggart shall have 21 days from his formal appearance or acceptance of service – whichever comes first – to file an answer or motion to dismiss [the SAC]."

The SAC consists of two parts: (1) a complaint, which is solely against the AAA-ICDR and (2) a petition (SAC ¶¶ 135-140) under the Federal Arbitration Act requesting, inter alia, that the Court appoint a new (non-AAA-ICDR) arbitrator to conclude the arbitration by holding an inquest under the Inquest Clause (the "**Petition**").

The Financial Decision is not relevant to Doggart's defense against the relief sought in the Petition. Whether the arbitration should be restarted or whether the Inquest Clause is enforceable are presumably questions of law and contract that have nothing to do with the Financial Decision.

(1):[1]    Additionally, the New York Domestic Relations Law ("**DRL**"), specifically DRL 235

> manifests a clear legislative intent that matrimonial proceedings be kept secret and confidential, for the right of the individual litigants not to have the records of such proceedings used to create public scandal outweighs the general public interest in knowing about the administration of the courts. Therefore, the restrictions on dissemination contained in the Domestic Relations Law overcome other privileges to disseminate records of court proceedings.

See N.Y. Jur. 2d Domestic Relations, 47A, § 2164 citing *Shiles v. News Syndicate Co.*, 27 N.Y.2d 9 (N.Y. 1970).

Generally speaking, issues relating to DRL 235 (1) normally arise where the press obtains confidential matrimonial information (re: *Shiles*, supra) or the litigants in a non-matrimonial proceeding (a "**secondary action**") seek access to a party's matrimonial file (*Janecka v. Casey*, 508 N.Y.S.2d 451, 454 (N.Y. App. Div. 1st Dept. 1986)).

However, the Appellate Division, First Department, has indicated that a sealing order of matrimonial documents in a secondary action may properly issue under DRL 235(1) – presumably because such a sealing order would further the "clear legislative intent that matrimonial proceedings be kept secret and confidential," supra. See *Applehead Pictures LLC v. Perelman*, 80 A.D.3d 181, 193 (N.Y. App. Div. 1st Dept. 2010) ("In this case, however, Perelman annexed the prenuptial agreement, separation agreement and divorce judgment to the motion papers, and sought sealing of the entire record of the motion, not just the matrimonial documents. As a practical matter, if Perelman had filed those documents separately, and sought a limited order requesting that the confidentiality of those documents be maintained, such relief could appropriately have been granted (*see* Domestic Relations Law § 235 [1])").

In *Mullinix v. Mount Sinai Sch. of Med.*, 2014 WL 3687217 (S.D.N.Y. July 24, 2014), *on reconsideration in part*, 2015 WL 328050 (S.D.N.Y. Jan. 23, 2015), Judge Castel applied the standards under *Lugosch v. Pyramid Co. of Onondaga* to grant a sealing request with respect to job candidate "resumes, interview schedules, contact information, and comments regarding the candidates' qualifications." Id. at *21.

Under *Lugosch*, Judge Castel noted that "Courts may weigh the presumption of disclosure against 'countervailing factors,' including 'the privacy interests of those resisting

---

[1] DRL 235 (1) reads as follows: "An officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court."

disclosure.'" Id. (citing *Lugosch*, 435 F.3d at 120). In granting sealing, Judge Castel determined that the information in question was not "central to the Court's rulings" and did not, therefore, "go to the heart of the judicial process." Id.

Given the strong privacy interests in respect of matrimonial records and the fact that the Financial Decision is not relevant, much less "central," to any rulings that the Court may make in connection with the Petition, the Court is respectfully urged to seal the Financial Decision altogether.

I thank you very much for any consideration that you may give my request.

Respectfully submitted,

David E. Schorr

cc: Theodore L. Hecht, Esq. (via ECF)
Sebastian Doggart (via email)

Granted.
SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
6/13/2022

3